## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**DISTRICT OF COLUMBIA f/u/b/o**          *
**DELTA PAVING, LLC**
9007 Dower House Rd.                   *
Upper Marlboro, MD 20772
                                *

         **Plaintiff,**

**v.**                            *

                                           **Civil Action No. _____**

**SAFECO INSURANCE COMPANY OF AMERICA**
Safeco Plaza                        *
Seattle, Washington 98185
                                *

     **SERVE:**     CT Corp.            *
                   1015 15th Street NW     *
                   Suite 1000
                   Washington, DC 20001    *

And                               *

**SPINIELLO COMPANIES**          *
12 East Daniel Road
Fairfield, New Jersey 07004       *

     **SERVE:**     Mayor Anthony Williams  *
                   John A. Wilson Building
                   1350 Pennsylvania Avenue, NW  *
                   Washington, DC 20004

*    *    *    *    *    *    *    *    *    *    *    *    *

## COMPLAINT

COMES NOW Plaintiff District of Columbia f/u/b/o Delta Paving, LLC ("Delta"), by

and though counsel, Quagliano & Seeger P.C., for its complaint against Defendant Safeco

Insurance Company of America, alleges upon information and belief as follows:

     1.     Plaintiff Delta, is a Maryland limited liability company with its principal place of

business located at 9007 Dower House Road, Upper Marlboro, Maryland 20772.  At all times

relevant hereto, Delta was engaged in, among other things, the business of construction

contracting and is properly licensed to transact business in the District of Columbia.

2.    Defendant Safeco Insurance Company of America ("Safeco") is a Washington

corporation with its principal place of business located at Safeco Plaza, Seattle, Washington

98185, and is licensed and registered to transact business, including issuing surety bonds, in the

District of Columbia.

3.    Defendant Spiniello Companies ("Spiniello") is a California corporation with its

principal place of business located at 12 East Daniel Road Fairfield, New Jersey 07004.   Upon

information and belief, Spiniello is not licensed or registered to transact business in the District

of Columbia.

## JURISDICTION AND VENUE

4.    Jurisdiction is vested in this Court pursuant to the United Stated Code Title 28

Judiciary and Judicial Procedure § 1332 as the amount in controversy exceeds $75,000 and is

between citizens of different states.

5.    Venue is proper pursuant to The United States Code Title 28 Judiciary and

Judicial Procedure § 1391(a)(1) because the Defendant conducts business in this judicial district.

## BACKGROUND FACTS

6.    On or about November 18, 2004, Spiniello as general contractor, entered into a

contract (the "Prime Contract") with the District of Columbia Water and Sewer Authority (the

"Owner") for construction work and improvements on the Lead Service Replacements located in

the District of Columbia, Contract No.: 04-0170 (the "Project").

7.    Under the Prime Contract, Spiniello agreed to provide Mill and Asphalt services

2

for the unit price $15.43 square yard and Asphalt services for the unit price of $9.00 square yard.

8.      In accordance with D.C. Code §2-305.04 and in connection with its work at the Project, Spiniello, as Principal, and Safeco, as Surety, executed and delivered to the Owner a District of Columbia Little Miller Labor & Material Payment Bond, Bond No. 6289105 (the "Bond" and/or "Payment Bond"), securing Spiniello's payment to its subcontractors and suppliers on the Project. A true copy of the Bond is attached hereto and incorporated by reference at Exhibit 1.

9.      The penal sum of the Bond is Five Million Dollars ($5,000,000). _See_ Exhibit 1.

10.     On or about June 9, 2005, Spiniello entered into a subcontract with Delta whereby Delta agreed to supply labor and material to mill and pave 2" asphalt at certain identified locations at the Project (the "Subcontract") for the unit price of Fifty Dollars ($50.00) a square yard. A true copy of the Subcontract is attached hereto and incorporated by reference at Exhibit 2.

11.     Between July 5, 2005 and November 28, 2005, Delta milled and laid asphalt at Spiniello's direction and specific request at various locations located in the District Columbia.

12.     Delta's aforementioned work was performed for use and incorporation into Spiniello's work at the Project.

13.     During the course of Delta's work at the Project, Spiniello failed to remit timely payment for such services.

14.     By letter dated November 23, 2005, Delta formally advised Spiniello of the Spiniello's nonpayment and Delta's intent to stop work at the Project.

15.     Spiniello failed to remit payment to Delta. By letter dated December 1, 2005,

Delta formally stopped work at the Project.

16.    Prior to Spiniello's failure to remit payment, Delta performed all of its obligations under the Subcontract.

17.    Despite demand, Spiniello has failed and refused, and continues to failed and refuse to pay Delta for all labor and materials reasonably required and proved by Delta to the project pursuant to the Subcontract.

18.    Spiniello materially breached the Subcontract by, *inter alia*, failing to pay Delta monies due.

19.    Under the Subcontract, Spiniello owes Delta Two Hundred Six Thousand Seven Hundred Forty-Two Dollars ($206,742).

20.    In accordance with the terms of the Bond, by letter dated December 1, 2005, Delta notified Spiniello and Safeco of its claim for payment on the Bond via certified mail, return receipt requested (hereinafter the "Bond Claim").  A true copy of Delta's letter is attached hereto and incorporated by reference at Exhibit 3.

21.    Despite demand, Safeco has failed to pay Delta for the unpaid labor and materials furnished and supplied by Delta to the Project pursuant to the Subcontract, for which Safeco guaranteed payment under the Payment Bond.

**COUNT I - SUIT ON PAYMENT BOND**
**(SAFECO INSURANCE COMPANY OF AMERICA)**

22.    Plaintiff Delta incorporates by reference Paragraphs 1- 21 as if fully set forth herein.

23.    Delta is a proper claimant under the Payment Bond.

4

24.    Under the Payment Bond, Safeco is liable to Delta for all costs of labor and material used or reasonably required for prosecution of the work at the Project.

25.    Despite demand for payment in full of all amounts due and owing under the Subcontract, Delta has not received payment of Two Hundred Six Thousand Seven Hundred Forty-Two Dollars ($206,742) for the labor and materials it provided at the Project

26.    Safeco has failed and refused to pay monies due under the Payment Bond.

27.    Delta has satisfied any and all conditions precedent to bringing this action on the Bond.

WHEREFORE, Plaintiff Delta Paving, LLC respectfully requests judgment in its favor and against Defendant Safeco Insurance Company of America in an amount not less than Two Hundred Four Thousand Eight Hundred Fifty-Nine and 69/100 Dollars ($204,859.69), plus interest, and costs and expenses, including attorneys' fees, expended in this behalf and such other relief as the Court deems just.

## COUNT II – BREACH OF CONTRACT
## (SPINIELLO COMPANIES)

28.    Plaintiff Delta incorporates by reference Paragraphs 1- 27 as if fully set forth herein.

29.    After reviewing the relevant scope of work for the Project, Delta submitted to Spiniello a proposal/bid to perform certain millwork and paving work at the Project.

30.    Based on Spiniello's statements, as part of the millwork and paving work, Delta reasonably anticipated that the millwork and paving work at the Project would require removing and replacing 41,000 cubic yards of asphalt.

31.     As part of the Subcontract negotiations, in consideration for Delta submitting a unit price of Fifty Dollars ($50.00) square yard, Spiniello agreed to ensure Delta's Subcontract work would include a minimum of removing and replacing 41,000 cubic yards of asphalt.

32.     Accordingly, Delta purchased specific mill and paving equipment necessary to fulfill the terms of the Subcontract.

33.     Spiniello recognized and understood that Delta's bid price was dependent on removing and replacing 41,000 cubic yards of asphlat.

34.     Further, Spiniello recognized and understood that if Delta was not provided a minimum of 41,000 cubic yards of asphalt removal and replacement, Delta's bid price would be wholly insufficient.

35.     Prior to Spiniello's material breach of the Subcontract, Delta performed all of its work within the scope of the Subcontract and additional work directives.

36.     Despite demand, and all times thereafter, Spiniello refused to pay the remaining outstanding balances due under the terms of the Subcontract thereby materially breaching the Subcontract with Delta.

37.     As a result of Spiniello's breach of contract, Delta has lost the benefit of the unfulfilled portion of the Subcontract.

38.      Delta has satisfied all conditions precedent of the Subcontract and may now pursue its cause of action in this court.

WHEREFORE, Plaintiff Delta Paving, LLC respectfully requests judgment in its favor and against Defendant Spiniello Companies in an amount not less than Two Hundred Six Thousand Seven Hundred Forty-Two Dollars ($206,742), plus compensatory damages in the

amount of Two Million Dollars ($2,000,000) plus pre and post judgment interest, and costs and

expenses, including attorneys' fees, expended in this behalf and such other relief as the Court

deems just.

Dated: March 17, 2006                                    Respectfully submitted,

                                                         **QUAGLIANO & SEEGER, P.C.**


                                                         _____
                                                         Seth A. Robbins, Bar No.: 471812
                                                         Corie M. Thornton, Bar No.: 496392
                                                         2620 P Street, NW
                                                         Washington, DC 20007
                                                         Tel. (202) 822-8838
                                                         Fax. (202) 822-6982
                                                         E-mail: Robbins@quagseeg.com
                                                         **Counsel for Plaintiff**
                                                         **Delta Paving, LLC**


                                                         Alan M. Carlo, Esq.
                                                         **MORGAN SHELSBY CARLO**
                                                         **        DOWNS & EVERTON, P.A.**
                                                         11350 McCormick Road
                                                         Suite 100
                                                         Hunt Valley, Maryland 21031
                                                         Tel. (410) 584-2800
                                                         Fax (410) 584-2020
                                                         E-mail: amcarlo@morganshelsby.com
                                                         **Co-Counsel for Plaintiff**
                                                         **Delta Paving, LLC**