UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **DISTRICT OF COLUMBIA f/u/b/o DELTA PAVING, LLC** | * |
| **Plaintiff,** | * Case No.: 1:06cv00504 |
| v. | * Judge: Gladys Kessler |
| **SPINIELLO COMPANIES** *et al.* | * |
| **Defendants.** | * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEET AND CONFER REPORT

Counsel for the parties, pursuant to Rule 16.3 of the Rules of the District Court of the District of Columbia, have met and conferred, and hereby submit their report to the Court as follows:

## LOCAL RULE 16.3

**Statement of the Case:**  This case involves a construction dispute.  Defendant Spiniello Companies ("Spiniello") is a general contractor.  On or about November 18, 2004, Spiniello entered into a contract with the District of Columbia Water and Sewer Authority (the "Owner") for the construction work and improvements on the Lead Replacements located in the District of Columbia (the "Project").  Subsequent thereto, Delta Paving, LLC ("Delta"), agreed to supply labor and material to mill and pave asphalt for use and incorporation into Spiniello's work at the Project.  Delta asserts claims for unpaid contract balance and additional amounts monies related to Delta's work at the Project.  Specifically, Delta has brought this lawsuit against:  1) Spiniello for Breach of Contract; and, 2) Spiniello's payment bond surety, Safeco Insurance Company of America ("Safeco") for claims under the D.C. "Little Miller" Act.

Spiniello disputes that any additional monies are owed to Delta for its work on the Project. For its part, Safeco does not believe it is liable under the Bond for Delta's work. Both Spiniello and Safeco have filed answers to the lawsuit, and intend to defend against Delta's claims.

**(1)   Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the parties should recommend to the Court that discovery or other matters should await a decision on the motion.**

**REPORT:**   The Parties are not aware of issues that would enable the case to be resolved via dispositive motion.

**(2)   The date by which any other parties shall be joined or the pleadings amended, and whether some or all the factual and legal issues can be agreed upon or narrowed.**

**REPORT:**   The parties shall join other parties or amend the pleadings as provided by the Federal Rules of Civil Procedure and the Local Rules of this Court. The parties believe some of the factual and legal issues can be agreed upon or narrowed.

**(3)   Whether the case should be assigned to a magistrate judge for all purposes, including trial.**

**REPORT:**   No.

**(4)   Whether there is a realistic possibility of settling the case.**

**REPORT:**   Yes. The Parties are actively engaged in settlement discussions.

**(5)   Whether the case could benefit from the Court's alternate dispute resolution (ADR) procedures (or some other form of ADR); what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their clients. In assessing the above, counsel shall consider;**
   **(i)   the clients goals in bringing or defending the litigation;**
   **(ii)   whether settlement talks have already occurred  and, if so, why they did not produce an agreement;**
   **(iii)   the point during the litigation when ADR would be the most appropriate, with special consideration given to:**

2

    **(aa) whether ADR should take place after the informal exchange or production through discovery of specific items of information; and**

    **(bb) whether ADR should take place after the informal exchange or production through discovery of specific times of information; and**

   **(iv) whether the parties would benefit from a neutral evaluation of their case, which could include suggestions regarding the focus of discovery, the legal merits of the claim, an assessment of damages and/or the potential settlement value of the case; and**

   **(v) whether cost savings or any other practical advantages would flow from a stay of discovery or of other pre-trial proceedings while an ADR process is pending.**

 **REPORT:** The parties are willing to consider mediation according to the Court's established ADR processes.

 **(6) Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross-motions, oppositions, and replies; and proposed dates for a decision on the motions.**

 **REPORT:** At the close of discovery, it is likely that the parties will be in a better position to determine whether the case may be resolved by summary judgment, motion to dismiss or other dispositive motion.

 **(7) Whether the parties should stipulate to dispense with the initial disclosures required by Rule 26(a)(1), F.R.Civ.P., and if not, what if any changes should be made in the scope, form or timing of those disclosures.**

 **REPORT:** The parties agree to dispense with F.R.C.P. Rule 26(a)(1) disclosures.

 **(8) The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery (e.g., number of interrogatories, number of depositions, durations of deposition); whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, document production, requests for admission, and depositions.**

 **REPORT:** The parties agree to the following discovery schedule:

(a) Deadline for serving Written Discovery Requests shall be September 15, 2006;

3

(b) Deadline for Proponent's Rule 26(a)(2) statements and reports shall be September 22, 2006;

(c) Deadline for Opponent's Rule 26(a)(2) statements and reports shall be October 6, 2006;

(d) Deadline for Proponent's Rule 26(a)(2) rebuttal statements and reports shall be October 20, 2006;

(e) All discovery including depositions of experts shall be completed by November 24, 2006;

(f) Deadline for filing dispositive motions shall be December 22, 2006;

(g) Except otherwise provided herein, discovery shall be conducted in accordance with the Federal Rules of Civil Procedure and the Local Rules of this Court.

**(9) Whether the requirement of exchange of expert witness reports and information pursuant to Rule 26(a)(2), Fed.R.Civ.P. should be modified, and whether and when depositions of experts should occur.**

**REPORT:** Except as otherwise provided herein as to the dates of disclosures, the parties do not wish to modify the requirements of Federal Rule of Civil Procedure 26(a)(2).

**(10) In class actions, appropriate procedures for dealing with Rule 23 proceedings, including the need for discovery and the timing thereof, dates for filing a Rule 23 motion, and opposition and reply, and for oral argument and/or evidentiary hearing on the motion and a proposed date for decision.**

**REPORT:** Not applicable.

**(11) Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.**

**REPORT:** The administration of this case would not be facilitated by bifurcation or phasing.

**(12) The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter).**

4

**REPORT:**   The parties respectfully request that the pretrial conference be held on date convenient to the court near the end of January 2007, or as soon as possible thereafter.

**(13)   Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.**

**REPORT:**   The parties respectfully request that the trial date be set at the pretrial conference.

| | |
|---|---|
| **Dated: June 12, 2006** | Respectfully submitted, |
| **QUAGLIANO & SEEGER, P.C.** | **VENABLE, LLP** |
| */s/ Seth A. Robbins* | */s/ Leonard S. Goodman* |
| Seth A. Robbins, Bar No.: 471812<br>2620 P Street, NW<br>Washington, DC 20007<br>Tel. (202) 822-8838<br>Fax. (202) 822-6982<br>e-mail: Robbins@quagseeg.com<br>**Counsel for Plaintiff**<br>**Delta Paving, LLC** | Leonard S. Goodman, Bar No.: 375934<br>One Church Street<br>Fifth Floor<br>Rockville, Maryland 20850<br>Tel: (301) 217-5600<br>Fax : (301) 217-5617<br>**Counsel for Defendant**<br>**Safeco Insurance Company of America**<br>**Spiniello Companies** |

5